IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

| YVONNE MORGAN, | ) | |
| --- | --- | --- |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 3:10CV669–HEH |
| WAL-MART STORES EAST, LP, d/b/a WAL-MART SUPERCENTER STORE NO. 2795 AND WAL-MART SUPERCENTER, | ) ) ) ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION
(Defendant's Motion to Dismiss)

This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's claims for negligent hiring, negligent training, and negligent supervision pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Both parties have filed memoranda of law in support of their respective positions. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and oral argument would not aid in the decisional process. For the reasons stated below, Defendant's Motion to Dismiss Count Two claiming negligent hiring, negligent training, and negligent supervision is granted.

## I. BACKGROUND

On September 12, 2008, Plaintiff Yvonne Morgan ("Plaintiff") alleges that she was injured on the premises of a Walmart Supercenter located at 145 Hill Carter Parkway, in Ashland, Virginia, which was owned and operated at the time by Defendant

1

Wal-Mart Stores East, LP ("Defendant"). Plaintiff alleges that as she was shopping in the store, an employee of the Defendant was cleaning the floors with a buffer machine. That employee, Plaintiff alleges, suddenly and without warning ran into her with the buffer machine, injuring her lower extremities. Plaintiff seeks $150,000 in damages from Defendant as a result of this alleged incident.

On August 20, 2010, Plaintiff filed a Motion for Judgment against Defendant in the Circuit Court for Hanover County. On September 10, 2010, Defendant filed an Answer and Demurrer in the same court. On September 20, 2010, Defendant removed this case pursuant to 28 U.S.C. § 1332 on the basis of diversity of citizenship. Defendant thereafter filed this Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

In Count One of her Motion for Judgment, Plaintiff alleges that Defendant's employee negligently operated the buffer machine, and that Defendant is therefore liable under the doctrine of respondeat superior. Count Two also alleges various negligent behavior by Defendant in the form of failure to hire employees capable of safely and competently carrying out their duties, and failure to properly train and supervise its employees, among other allegations. Plaintiff does not explicitly label the causes of action in Count Two, but based on the allegations, these causes appear to be negligent hiring, negligent training, and negligent supervision. Defendant's motion seeks to dismiss only Count Two, alleging negligent hiring, negligent training, and negligent supervision. This matter is ripe for judgment.

## II. TIMELINESS OF DEFENDANT'S MOTION TO DISMISS

Plaintiff argues that Defendant's Rule 12(b)(6) motion is untimely and should be denied. In support, Plaintiff alleges that Defendant is barred from making a Rule 12(b)(6) motion at this time because it has already filed an answer to the complaint in the Circuit Court for Hanover County. This argument is without merit.

Rule 12(b) provides that "[e]very defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: . . . (6) failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b). It further provides that a motion raising this defense "must be made before pleading if a responsive pleading is allowed." *Id.* "Thus, in order to be timely, a defendant should assert the defense of failure to state a claim before the close of pleadings." *Williams v. Equity Holding Corp.*, 498 F. Supp. 2d 831, 839 (E.D. Va. 2007).

Here, Defendant timely asserted its defense of failure to state a claim before the close of pleadings. On September 10, 2010, in compliance with Rule 3:8 of the Supreme Court of Virginia, Defendant timely filed a demurrer and an answer in the Circuit Court for Hanover County. "The purpose of a demurrer is to determine whether a motion for judgment states a cause of action upon which the requested relief may be granted." *Tronfeld v. Nationwide Mut. Ins. Co.*, 272 Va. 709, 712, 636 S.E.2d 447, 449 (2006) (citation omitted). The Advisory Committee Notes to the 2007 Amendments of Federal Rule of Civil Procedure 7 state that "[i]f a motion or pleading is described as a demurrer ... the court will treat the paper as if properly captioned." Fed.R.Civ.P. 7 advisory

committee's note; *see also Kelly v. Wisconsin Interscholastic Athletic Ass'n*, 367 F. Supp. 1388, 1392 (E.D. Wis. 1974) (noting that "defendants' demurrer shall be treated as a motion to dismiss for failure to state a complaint upon which relief can be granted"). Thus, after removal, the demurrer filed in state court will be treated as the federal equivalent – a motion to dismiss for failure to state a claim.

Furthermore, "[j]udicial economy is promoted by providing that proceedings had in state court shall have force and effect in federal court, so that pleadings filed in state court, for example, need not be duplicated in federal court." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers Local No. 70*, 415 U.S. 423, 435-36, 94 S. Ct. 1113, 1122 (1974). Indeed, "[a]fter removal, the federal court 'takes the case up where the State court left it off.'" *Id.* at 436, 945 S. Ct. at 1122 (quoting *Duncan v. Gegan*, 101 U.S. 810, 812, 25 L.Ed. 875 (1880)). That is the current posture of this case.

Lastly, Defendant filed a Rule 12(b)(6) Motion to Dismiss with this Court, which is nearly identical to the Demurrer filed in the state court. Rule 81(c) provides that when a case is removed, "repleading is unnecessary unless the court orders it." Fed. R. Civ. P. 81(c). The Court has not ordered repleading in this case. Nonetheless, in their substance, a demurrer and 12(b)(6) motion are essentially the same, and are reviewed under the same standard. Because Defendant timely filed a demurrer, and subsequently filed an identical 12(b)(6) motion, it makes no difference which motion this Court considers to resolve the issues raised therein.

## III. STANDARD OF REVIEW

Rule 8 of the Federal Rules of Civil Procedure provides that "a pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Traditionally, "[a] motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; . . . it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), amplified this standard, noting that, to survive a motion to dismiss, a complaint must contain sufficient factual information "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974. While it does not require "detailed factual allegations," *Twombly* held that Rule 8 of the Federal Rules of Civil Procedure does demand that a plaintiff provide more than mere labels and conclusions stating that the plaintiff is entitled to relief. *Id.* at 555, 127 S. Ct. at 1964-65. Thus, a complaint containing facts that are "merely consistent with" a defendant's liability "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557, 127 S. Ct. 1966. Rather, a complaint achieves facial plausibility when it contains sufficient allegations supporting the reasonable inference that the facts alleged support an actionable claim. *Id.* at 556, 127 S. Ct. at 1965; *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

This analysis is context specific and requires the "reviewing court to draw on its judicial experience and common sense." *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th

Cir. 2009). "[N]aked assertions of wrongdoing necessitate some factual enhancement within the complaint to cross the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks and citation omitted).

In short, the Court must assume Plaintiff's well-pleaded factual allegations to be true, and determine whether those allegations "plausibly give rise to an entitlement to relief." *Iqbal*, 129 S. Ct. at 1950.

## IV. ANALYSIS

Because this matter is in federal court on the basis of diversity of citizenship, the substantive law of the forum state applies. Since Virginia applies the doctrine of *lex loci delicti* to tort claims ("the law of the place of the wrong governs all matters related to the basis of the right of action"), Virginia law will govern the resolution of Plaintiff's claims that are premised on state law. *Dreher v. Budget Rent-A-Car Sys., Inc.*, 272 Va. 390, 395, 634 S.E.2d 324, 327 (2006) (citations omitted).

### A. Negligent Hiring

Defendant argues that Plaintiff's claim of negligent hiring must be dismissed because Plaintiff failed to allege sufficient facts to state a claim. Viewed in the light most favorable to Plaintiff, the Court agrees.

In Virginia, the tort of negligent hiring clearly does exist. *See J. v. Victory Tabernacle Baptist Church*, 236 Va. 206, 208, 372 S.E.2d 391, 393 (1988). "The test is whether the employer has negligently placed 'an unfit person in an employment situation involving an unreasonable risk of harm to others.'" *Simmons v. Baltimore Orioles, Inc.*, 712 F. Supp. 79, 81 (W.D. Va. 1989) (quoting *Victory Tabernacle*, 236 Va. at 211, 372

6

S.E.2d at 394). Specifically, an employer is liable for negligent hiring where the employer fails "to exercise reasonable care in placing an individual with known propensities, or propensities that should have been discovered by reasonable investigation, in an employment position in which . . . it should have been foreseeable that the hired individual posed a threat of injury to others." *Interim Pers. of Cent. Va., Inc. v. Messer*, 263 Va. 435, 440, 559 S.E.2d 704, 707 (2002).

Plaintiff, however, fails to allege any facts supporting a claim for negligent hiring, fails to specify what actions of Defendant constituted a breach of the legal duty to hire suitable employees, and fails to allege facts tending to show that such a breach proximately caused Plaintiff's injury. Rather, Plaintiff's Motion for Judgment is replete with bald assertions and legal conclusions. "[A] plaintiff's obligation to provide the 'grounds' of [her] 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 555 U.S. at 570, 127 S. Ct. at 1964-65. Plaintiff does not allege that Defendant failed to investigate its employees' backgrounds prior to hiring. She offers no description of the required job skill for operating a buffer machine, nor does Plaintiff allege that the employee who allegedly struck her with the buffer machine had propensities that would have posed a threat of injury to others. The Motion for Judgment merely contains legal conclusions unsupported by facts. Plaintiff fails to plead sufficient facts to achieve facial plausibility to sustain the claim and it will therefore be dismissed.

## B. Negligent Training

Defendant next argues that Virginia does not recognize a cause of action for negligent training. Plaintiff responds that even though Defendant was unable to locate any cases that recognize a theory of negligent training in Virginia, this Court should nonetheless determine there is liability for such a theory. However, this Court is not aware of any case from the Supreme Court of Virginia or lower courts that recognizes the distinct tort of negligent training. *See, e.g., Williams v. Dowell*, 34 Va. Cir. 240, 1994 WL 1031277, *3 (1994) (stating that "[r]esearch discloses no reported decision in Virginia which recognizes [a claim for negligent training]"); *Meccia v. Pioneer Life Ins. Co.*, 13 Va. Cir. 17, 1987 WL 488659, *6 (1987) (declining to recognize such a cause of action because "the 'negligent failure to train', as a separate and distinct tort, finds little or no support in the authorities"). This Court will not recognize a Virginia cause of action for negligent training where such cause of action has not been clearly established.

However, even if this Court were to construe Virginia law to recognize negligent training as a cause of action, Plaintiff fails to allege sufficient facts to state a claim. Taking guidance from the circuit court in *Williams*, "the same principles . . . concerning negligent hiring would apply with equal force to the alleged tort of negligent training." *Williams*, 34 Va. Cir. 240, 1994 WL 1031277 *3. Thus, Plaintiff would have to allege sufficient facts to establish that Defendant knew that its employee's "past actions strongly suggested that [he or] she was unfit for a job which involved an unreasonable risk of harm to others." *Id.*

For the same reasons discussed above regarding Plaintiff's negligent hiring claim, this Court finds that Plaintiff would also fail to state a claim for negligent training. Plaintiff's Motion for Judgment merely states, as a legal conclusion, that the employee failed to exercise ordinary and reasonable care in the operation of the buffer machine. M.F.J. ¶ 10, ECF No. 1-2. Plaintiff fails to allege any facts supporting a legal duty on Defendant's part to train employees in the use of machinery, fails to specify what actions of Defendant constituted a breach of that duty, and fails to allege facts tending to show how such a breach proximately caused Plaintiff's injury. Plaintiff merely pleads legal conclusions in her Motion for Judgment. Thus, even if this Court were to recognize a claim for negligent training, Plaintiff fails to state a claim.

### C. Negligent Supervision

Lastly, Defendant argues that negligent supervision is not a recognized cause of action in Virginia. The Court agrees. In *Chesapeake & Potomac Telephone Co. of Va. v. Dowdy*, 235 Va. 55, 61, 365 S.E.2d 751, 754 (1988), the Supreme Court of Virginia found no cause of action for negligent supervision, holding that, "[i]n Virginia, there is no duty of reasonable care imposed upon an employer in the supervision of its employees under these circumstances...." The Fourth Circuit and several district courts in the Fourth Circuit have also adopted this view in several cases. *See Spencer v. Gen. Elec. Co.*, 894 F.2d 651, 656-57 (4th Cir. 1999), *overruled on other grounds by Farrar v. Hobby*, 506 U.S. 103, 113 S. Ct. 566 (1992); *Johnson v. Enter. Leasing Co.*, 182 F.3d 908, 1999 WL 496879, at *1 (4th Cir. 1999) (affirming district court's grant of summary judgment on the grounds that the claim of negligent supervision is not cognizable under

Virginia law); *Eley v. Evans*, 476 F. Supp.2d 531, 532 (E.D. Va. 2007) (stating that "federal and Virginia courts have held that Virginia does not recognize negligent supervision as a valid cause of action"); *Thompson v. Town of Front Royal*, 117 F. Supp. 2d 522, 531 (W.D. Va. 2000) (adopting the Magistrate's Report and Recommendation regarding the finding that Virginia does not recognize negligent supervision because the parties did not object); *Millman v. Snyder*, 65 Va. Cir. 62, 2004 WL 1307916, *2 (2004) (noting that since "*Dowdy*, other federal courts and [Virginia] state circuit courts have held that Virginia law does not recognize a cause of action for negligent supervision").

Nevertheless, Plaintiff argues that the circumstances of her case are distinguishable from *Dowdy*, justifying this Court to christen a new cause of action for negligent supervision. Although *Dowdy* does not completely foreclose a court from finding circumstances upon which the tort of negligent supervision could conceivably be recognized, the Supreme Court of Virginia noted that the circumstances of *Dowdy* did not "involve[] either fright or shock, intentional misconduct, or wrongful acts egregious enough to warrant creating an exception to the tactile tort rule." *Dowdy*, 235 Va. at 61, 365 S.E.2d at 754. Assuming such cause of action exists, Plaintiff's pleadings do not involve the type of circumstances needed to establish a claim for negligent supervision, as outlined in *Dowdy*. Thus, Plaintiff's claim of negligent supervision fails as a matter of law.

## V. CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss Count Two will be granted. An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: Nov. 1 2010
Richmond, VA